IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Shirley M. Mann, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:05-791-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d). Shirley M. Mann ("Mann") seeks attorney's fees and costs for services rendered in the above-captioned social security action in the amount of Five Thousand Six Hundred Fifty-five Dollars and Ninety-five Cents ($5655.95). The Commissioner objects to the request for attorney's fees and costs.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id.

Mann argues that she is entitled to attorney's fees and costs pursuant to the EAJA because the Commissioner was not substantially justified in her position. In support of her

1

motion, Mann argues that the ALJ erred by failing to conduct a function-by-function analysis of Mann's residual functional capacity and by improperly discrediting the opinions of Dr. John C. Baker ("Dr. Baker") and Dr. Oregon Hunter ("Dr. Hunter"). (Pl.'s Mem. Supp. Mot. Atty's Fees 4.) In response, the Commissioner objects to an award of attorney's fees and costs, arguing that her position was substantially justified. (Def.'s Mem. Opp'n Atty's Fees 3.) Additionally, the Commissioner asserts that even if the court awards Mann attorney's fees, she should only be awarded Four Thousand Eight Hundred Forty-nine Dollars and Ninety-one Cents ($4,849.91). (Id. 9.)

Upon review, the Government's position was substantially justified. The court's decision to reverse and remand for additional proceedings was based on its finding that the ALJ failed to provide valid reasons for discrediting Dr. Hunter and Dr. Baker's opinions and failed to properly evaluate Mann's residual functional capacity. While the court found that the ALJ's analysis was incorrect, the Commissioner's position was not unreasonable or inconsistent with established authority. Because the Commissioner's position was substantially justified, the court denies Mann's motion for attorney's fees and costs pursuant to the EAJA.

It is therefore

**ORDERED** that Mann's motion for attorney's fees and costs under the EAJA, document number 15, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

November 28, 2006