IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Shirley Mann, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:05-791-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit.

On October 20, 2006, Shirley Mann ("Mann") filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d). Mann sought attorney's fees and costs for services rendered in the above-captioned social security action in the amount of Five Thousand Six Hundred Fifty-five Dollars and Ninety-five Cents ($5,655.95). The Commissioner of Social Security ("Commissioner") objected to the request for attorney's fees and costs. On November 28, 2006, the court denied Mann's motion. Mann appealed the court's order, and on December 10, 2007, the Fourth Circuit vacated the court's order and remanded the case for further proceedings because "the district court erred by not providing an explanation for its conclusion that the Commissioner's position was substantially justified." Mann v. Astrue, No. 07-1040, 2007 WL 4302442, at *1 (4th Cir. Dec. 10, 2007).

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th

Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id.

Upon review, the Government's position was substantially justified. In its November 28, 2006, order, the court vacated the Commissioner's decision denying Mann benefits because the ALJ erred by failing to conduct a function-by-function analysis of Mann's residual functional capacity and by improperly discrediting the opinions of Dr. John C. Baker ("Dr. Baker") and Dr. Oregon Hunter ("Dr. Hunter"). (Nov. 28, 2006, Order 9, 11.) However, while the court found that the ALJ's analysis was incorrect, the Commissioner's position was not unreasonable or inconsistent with established authority.

With regard to Dr. Baker's opinion, the Commissioner reasonably argued that the ALJ properly discounted his opinion because he only examined Mann once and because his opinion spoke to the ultimate issue of disability, which is a legal determination reserved to the Commissioner. (Def.'s Br. 17); see 20 C.F.R. § 404.1527(d)(2)(i) (stating that the "[l]ength of the treatment relationship and the frequency of examination" is a factor to be considered in evaluating medical opinions); Castellano v. Sec'y of Health and Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (stating that a treating physician's opinion of disability "is not binding on the [Commissioner] in making his ultimate determination of disability"). Similarly, the Commissioner reasonably argued that the ALJ properly gave limited weight to Dr. Hunter's opinion because it was inconsistent with the record as a whole and with his own treatment notes. (Def.'s Br. 15); see Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (noting that if a physician's

opinion "is inconsistent with other substantial evidence, it should be accorded significantly less weight" and upholding an ALJ's rejection of a physician's opinion because it was inconsistent with the physician's treatment notes). Finally, the Commissioner conceded that the ALJ's residual functional capacity assessment was "not perfectly written," but reasonably argued that the omissions in the ALJ's analysis were either harmless or implicitly covered in his analysis and opinion. (Def.'s Br. 14-16.)

In fact, "[s]ignificantly, the [Commissioner's] position was reasonable enough to convince the magistrate [judge] that substantial evidence in the record supported the [Commissioner's] final decision." Throckmorton v. U.S. Dep't of Health & Human Servs., 932 F.2d 295, 300 (4th Cir. 1990). It certainly cannot be said that the Government's position was so "feeble" as to warrant an EAJA award. See id. Because the Commissioner's position was substantially justified, the court denies Mann's motion for attorney's fees and costs pursuant to the EAJA.

It is therefore

**ORDERED** that Mann's motion for attorney's fees and costs under the EAJA, document number 15, is denied.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> United States District Judge

Greenville, South Carolina

February 4, 2008